A. DOROTHEA POSTE, Plaintiff, *v.* EVA M. BARRETT, Defendant.

Supreme Court, Special Term, New York County, August 14, 1946.

*Crawford & Harper* for defendant.

*Alfred Englander* for plaintiff.

NULL, J. The motion is to compel the execution and delivery of an assignment of a mortgage on real property on which the plaintiff, as mortgagee, seeks foreclosure in the pending action. The full amount of the mortgage has been declared due and

payable and the time of the defendant to answer the complaint has expired. A tender has been made of the amount due together with interest and other charges but the plaintiff has rejected it.

The pertinent portion of section 275 of the Real Property Law provides: '' Whenever a mortgage upon real property shall be due and payable the mortgagee or the owner and holder of the mortgage shall execute and deliver to any person or persons, or corporation, named by the owner of the land upon which the same is a lien, an assignment of the mortgage duly executed which may by its terms be without recourse to the assignor in any event and discharge such assignor from any liability thereunder to the assignee; provided a demand has been made of the holder of the mortgage by the owner of the land upon which the same is a lien for such assignment in lieu of a certificate of discharge of the same, and the full amount of principal and interest due on the mortgage and the usual fee for drawing the assignment is tendered or paid.''

The plaintiff argues, however, that in the absence of any provision in the statute expressly prescribing the method by which enforcement may be prosecuted, the defendant cannot secure the relief which she seeks. It is urged that the defendant may require only the execution and delivery of a satisfaction piece in full discharge of the mortgage, as authorized by section 333-b of the Real Property Law.

This contention is untenable. The court has inherent power to compel compliance with the legislative direction. Where the Legislature prescribes specific means to effectuate its enactments, they will, of course, be observed. On the other hand, it does not follow that the omission of specific procedural requirements renders the legislative action inoperative. The Legislature having created a right, it becomes the duty of the courts to provide for its enforcement by the appropriate procedural processes. Accordingly, the defendant's application to direct an assignment of the mortgage is properly brought in the pending action of foreclosure.

It is suggested that the plaintiff has decided to withdraw her election to declare due and payable the entire amount of the mortgage. There is no evidence of such withdrawal other than the statement of the plaintiff's counsel in his affidavit that he sent a letter to the defendant's attorneys offering to discontinue this action upon payment of the defaulted installment, and other charges. That, however, is more in the nature of an intention to withdraw. It is not a withdrawal from the original posi-

tion asserted by the plaintiff, in the sense that her demand for full payment has been unconditionally revoked.

The motion is granted to the extent that within ten days after the service of a copy of the order to be entered herein, the plaintiff is directed to execute and deliver to the person named by the owner of the land upon which the mortgage is a lien, an assignment of the mortgage which is the subject of this action, without recourse, as provided by section 275 of the Real Property Law, provided, however, that upon its delivery there shall be paid to the plaintiff the full amount of principal and interest due on the mortgage, the usual fee for drawing the assignment, and the taxable costs to date in this action. Upon the failure of the defendant to comply with these provisions the motion will be denied. On the other hand, if there be compliance, the *lis pendens* shall be cancelled and the action discontinued.

Settle order.